UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| RODERICK LEE, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:12-CV-112 JD |
| v. | ) |
| | ) |
| LAURIE JOHNSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Roderick Lee, a *pro se* prisoner, filed an amended complaint under 42 U.S.C. § 1983 [ECF No. 5]. Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when deciding a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Furthermore, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

According to the complaint, on July 3, 2011, Lee suffered a "bad accident" that caused "serious injury" to his knee while housed at Miami Correctional Facility ("Miami"). He was seen at Miami's medical unit and given a wheelchair to use. On July 8, 2011, he underwent an MRI at

Miami. After waiting more than week without being told of the results of the MRI, in his words, "I began to seek answers." [ECF No. 5 at 4.] He sent a medical request to Nurse Linda Frye asking about the MRI, but she "refused to respond and/or tell me the results." [*Id.*] He filled out several additional medical forms, which also "went unanswered." [*Id.*]

A few days later, he went to the medical unit to renew his wheelchair pass, where he encountered Dr. Martial Knieser. He spoke with him regarding the MRI, and Dr. Knieser responded that the results might be back even though they were not logged into the computer yet. Dr. Knieser told Lee he would check into the matter and "get back with [him] the next day." [*Id.*] He did not do so, however, and Lee did not see Dr. Knieser again until he returned to the medical unit on August 16, 2011, to renew his wheelchair pass. This time Dr. Knieser "went and pulled the results from the back room, which had been back in July and still wasn't [sic] logged into the computer." [*Id.*]

During this period Lee also contacted Laurie Johnson, Miami's Assistant Superintendent, and told her that medical staff members were not addressing his knee problem. She nevertheless "directed my concerns to [medical] staff." [*Id.*] Thereafter, Lee's mother called and spoke with Johnson, and Johnson allegedly told her that "she'll be making sure things get taken care of." [*Id.* at 5.] Lee asserts that after this phone call Johnson still did nothing to address his lack of medical care.

On August 23, 2011, Lee was taken to an outside hospital for evaluation. A doctor at the hospital told him that "the medical staff at the facility waited to[o] long to send me out for [an] operation." [*Id.*] By that point Lee had a "ruptured patella tendon" and needed emergency surgery. [*Id.*] Based on these events, Lee sues Nurse Frye, Dr. Knieser, and Johnson. He alleges that their deliberate indifference to his medical need resulted in permanent damage to his knee.

2

Inmates are entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability the prisoner must show: (1) he or she had an objectively serious medical need; and (2) the defendant acted with deliberate indifference to that need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that "a physician has diagnosed as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Conduct is deliberately indifferent when the defendant knew "that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations omitted). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). A delay in providing medical treatment can constitute deliberate indifference where it causes harm or unnecessary pain. *Berry v. Peterman*, 604 F.3d 435, 442-43 (7th Cir. 2010); *Grieveson v. Anderson,* 538 F.3d 763, 779 (7th Cir. 2008).

As to the first prong, Lee alleges that he suffered a serious injury to his knee which necessitated the use of a wheelchair. He further alleges that his knee ultimately ruptured, necessitating emergency surgery and resulting in permanent damage. Giving him the inferences to which he is entitled at this stage, he has alleged a serious medical need. As to the second prong, Lee alleges that Nurse Frye and Dr. Knieser were both aware that he had a serious knee injury which required him to use a wheelchair. They were also made aware that an MRI had been taken of Lee's

knee. Despite Lee's efforts to obtain the results of the MRI, they ignored him and/or delayed responding to his medical problem until his knee had ruptured and he needed emergency surgery. Based on these allegations, Lee has stated a plausible claim for deliberate indifference against the two medical defendants. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (inmate stated claim against doctors for delaying treatment for a painful hernia); *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) (inmate stated claim against doctors who delayed treatment for serious medical need for several months despite his complaints); *Berry*, 604 F.3d at 442-43 (reversing entry of summary judgment for jail nurse who was aware of prisoner's medical problem but failed to take action to help him obtain an examination by an outside provider).

That leaves Lee's claim against Johnson. As a non-medical staff member, she might ordinarily be entitled to defer to the judgment of medical staff regarding Lee's care. *See Hayes v. Snyder*, 546 F.3d 516, 526 (7th Cir. 2008). However, "nonmedical officials can be chargeable with the Eighth Amendment scienter requirement of deliberate indifference where they have a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner." *Id.* at 527. Here, taking Lee's allegations as true, Johnson was told by both Lee and his mother that medical staff members were not properly addressing his knee problem. Johnson allegedly promised to take action to address the problem but did not do so. Although it is unclear at this stage whether Johnson's intervention led to Lee being seen at the outside hospital, Lee alleges that the hospital visit came too late, after his knee had already ruptured. Giving Lee the inferences to which he is entitled at this stage, he has stated a deliberate indifference claim against Johnson.

4

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Laurie Johnson, Linda Frye, and Dr. Martial Knieser in their individual capacities for compensatory and punitive damages for failing to provide him with adequate medical care in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the U.S. Marshals Service to effect service of process on Laurie Johnson, Linda Frye, and Dr. Martial Knieser; and

(4) ORDERS that Laurie Johnson, Linda Frye, and Dr. Martial Knieser respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10.1, only to the claims for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: April 23, 2012

          /s/ JON E. DEGUILIO
Judge
United States District Court