UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RODERICK LEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:12-CV-112 JD |
| v. | ) |
| | ) |
| LAURIE JOHNSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Roderick Lee, a *pro se* prisoner, was granted leave to proceed on a claim that Laurie Johnson, Martial Knieser, and Linda Frye improperly delayed in providing him medical care for a knee injury. [ECF No. 13.] Specifically, Lee asserts that he injured his knee on July 3, 2011, and underwent an MRI at the prison on July 8, 2011. [ECF No. 5 at 4.] He claims that in the days following his MRI, the defendants delayed giving him the results and in providing him treatment, such that his knee injury worsened. [*Id*. at 4-5.] He claims that on August 23, 2011, he was finally taken to an outside hospital for evaluation, and was told by a doctor that "the medical staff at the facility waited to[o] long to send me out for [an] operation," and that he needed emergency surgery. [*Id*. at 5.] He claims that the defendants' failure to send him for evaluation earlier violated his Eighth Amendment rights. [*Id.*] The defendants move for summary judgment on the ground that Lee failed to exhaust his administrative remedies before filing suit. [ECF No. 24, 27.]

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine

whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). Nevertheless, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Here, the undisputed facts show that Lee has been housed at the Miami Correctional Facility ("MCF") since December 30, 2008. [ECF No. 24-1, Valdez Aff. ¶ 6.] Pursuant to Indiana Department of Correction ("IDOC") policy, MCF has a grievance procedure in place under which inmates can grieve a broad range of issues, including their medical care. [*Id.* ¶ 7; ECF No. 24-1, Grievance Policy at 9.] Under the grievance policy, an inmate must file a formal written grievance within 20 business days of the incident giving rise to the grievance. [ECF No. 24-1, Valdez Aff. ¶ 11.] If the initial grievance is denied, the inmate can proceed to the second step, which is an appeal to the IDOC's grievance manager. [*Id.* ¶ 12.] However, no appeal is available when a grievance is rejected as untimely or due to other procedural errors, rather than on the merits. [*Id.* ¶ 23.]

A record is kept of all inmate grievances, and those records reflect that on January 19, 2012, Lee filed a grievance pertaining to the medical care he received for his knee injury. [*Id.* ¶ 18; ECF No. 24-2, Grievance.] The grievance was rejected because it was on the wrong form and did not clearly state the date of the incident giving rise to the grievance; Lee was advised to contact a staff member for the correct form. [ECF No. 24-1, Valdez Aff. ¶ 19.] On January 25, 2012, Lee submitted another grievance, this time on the correct form; he stated that he was complaining about an incident that occurred in July 2011. [*Id.* ¶ 20; ECF No. 24-4, Grievance.] This grievance was rejected as

untimely. [ECF No. 24-1, Valdez Aff. ¶ 21.] Lee appealed, but his appeal was rejected because his grievance was denied for procedural reasons rather than on the merits. [*Id.* ¶¶ 22-23.] On February 13, 2012, Lee attempted to refile his grievance dated January 25, 2012. [*Id.* ¶ 24.] This grievance was also rejected on timeliness grounds. [*Id.* ¶ 25.] On February 15, 2012, Lee filed a third grievance complaining about the same July 2011 events. [*Id.* ¶ 26; ECF No. 24-9, Grievance.] This grievance was again rejected on timeliness grounds. [ECF No. 24-1, Valdez Aff. ¶ 26.] There is no record of Lee having filed any other grievances or appeals related to the medical treatment he received for his knee injury. [*Id.*]

Pursuant to the Prison Litigation Reform Act ("PLRA"), prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The failure to exhaust is an affirmative defense on which the defendant bears the burden of proof. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Id.* Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024. This includes failing to comply with time deadlines contained in the grievance policy. *Id.* at 1025.

Applying those principles here, it is apparent that Lee did not file a timely grievance regarding the events giving rise to this suit. [ECF No. 24-1, Valdez Aff. ¶¶ 18-26.] In January 2012 he filed a formal grievance complaining about an incident occurring in July 2011, well beyond the 20-day deadline contained in the grievance policy, and the grievance was rejected as untimely. [*Id.*

3

¶ 21.] Under these circumstances, Lee failed to exhaust his administrative remedies before filing suit, necessitating dismissal of the case. *Pozo*, 286 F.3d at 1025.

In his response to the motion, Lee argues that it would be unfair to dismiss his case on exhaustion grounds because his counselor provided him with the form that was initially rejected by the grievance specialist. [ECF No. 28, 29.] Even accepting this allegation as true, it would not prevent the case from being dismissed. It is true that an inmate cannot be faulted for failing to exhaust when prison officials do not provide him with the necessary forms or otherwise thwart his efforts to use the grievance process. *See Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Here, however, the problem was not the form but the fact that Lee waited several months to initiate the formal grievance process. In other words, even if the grievance he filed on January 19, 2012, had been on the right form, it was submitted several months after the July 2011 events about which he was complaining. Accordingly, his argument is unavailing.

Although it is not clear, Lee may also be arguing that his grievance was filed beyond the 20-day deadline because he did not know until some time after July 2011 that he had a grievable issue. [*See* ECF No. 28, Response at 1; *see also* ECF No. 24-4, Grievance at 1.] However, under Lee's own timeline set forth in the complaint, he would have known as of August 23, 2011—the date he was taken to an outside hospital for evaluation—that he was injured as a result of the prison's delay in providing medical treatment. [*See* ECF No. 5 at 3-4.] He waited five more months to initiate the formal grievance process. One of his grievances indicates that he was making informal inquiries during this period to get "some type of explanation" as to why the defendants delayed sending him for outside treatment. [*See* ECF No. 24-4, Grievance at 1.] However, the Seventh Circuit takes a

4

strict approach to exhaustion, and actions taken outside the prison's formal grievance process do not satisfy the exhaustion requirement. *See Pozo,* 286 F.3d at 1025.

Accordingly, this case must be dismissed pursuant to 42 U.S.C. § 1997e(a). It is not clear that Lee has the ability to file a grievance at this late date, in which case his claim against the defendants would be permanently foreclosed. *Pozo*, 286 F.3d at 1024 ("Failure to do what the state requires bars, and does not just postpone, suit under § 1983."). Nevertheless, because it is possible that the state may allow him to cure his failure to exhaust, the dismissal will be without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice") (emphasis in original).

For these reasons, the defendants' motion for summary judgment [ECF No. 24] is GRANTED, and this action is DISMISSED WITHOUT PREJUDICE pursuant to 42 U.S.C. § 1997e(a).

SO ORDERED.

ENTERED: October 5, 2012

                                                        /s/ JON E. DEGUILIO
                                                        Judge
                                                        United States District Court